UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 1:18-cr-0048-SEB-DML |
| LARRY J. WOOD, | ) ) | - 01 |
| Defendant. | ) ) | |

### REPORT AND RECOMMENDATION

On February 18, 2022, and February 23, 2022, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on January 14, 2022. Defendant Wood appeared in person with his appointed counsel Michael Donahoe. The government appeared by Lindsay Karwoski, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer James Thomas.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Wood of his rights and ensured he had a copy of the Petition. Defendant Wood orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Wood admitted violation numbers 1 and 2 as set forth in the Petition. [Docket No. 58.]

3. The allegations to which Defendant admitted, as fully set forth in the Petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."** |
| | Mr. Wood submitted urine samples at the residential reentry center (RRC) on December 30, 2021, and January 3, 2022, which tested positive for cocaine. Additionally, as previously reported to the Court, he submitted urine samples to the probation office on June 15, and 22, 2021; September 21, 2021; and November 18, and 24, 2021, all which returned positive for cocaine. |
| 2 | **"You shall reside in a residential reentry center for a period of up to 180 days. You shall abide by the rules and regulations of the facility."** |
| | On December 30, 2021, Mr. Wood reported to the RRC as directed. However, on January 5, 2022, staff at the RRC advised the probation officer Mr. Wood failed to return to the facility on January 4, 2022, after an approved pass. On January 5, 2022, he contacted this writer and indicated he was having mental health issues and expressed a desire for help and agreed to go to the emergency room. On January 6, 2022, this writer received notice from someone at a local hospital stating he was there and had been evaluated by mental health staff. It was ascertained he was not in need of inpatient services at that time. He was released and returned back to the RRC as directed. |
| | On January 10, 2022, staff at the RRC again advised the probation officer Mr. Wood failed to return to the facility on January 8, 2022, after an approved pass. As of this writing he has made no contact with this officer and his whereabouts are unknown. |

4. The Court finds that:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is V.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 18 to 24 months' imprisonment.

5. The government requested a sentence of twenty-one (21) months with no supervised release to follow. Defendant's counsel argued for a sentence of eighteen (18) months

with no supervised release to follow; Defendant further requested placement at a facility equipped to provides drug and mental health treatment services to the Defendant.

The Magistrate Judge, having considered the factors set forth in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions set forth in the Petition, and recommends that Defendant's supervised release be revoked, and that Defendant be sentenced to the custody of the Attorney General or his designee for a period of eighteen (18) months with no supervised release to follow.  The Magistrate Judge further recommends Defendant's placement at an appropriate Bureau of Prisons facility equipped to provide drug and mental health treatment services required by the Defendant.  The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated:  25 FEB 2022

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system